[Civ. No. 24625. Fourth Dist., Div. One. Feb. 10, 1982.]

In re MYRON S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
MYRON S., Defendant and Appellant.

## COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Barbara A. Smith, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Steven V. Adler and Jay M. Bloom, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

THE COURT.*—Following true findings Myron S. committed a robbery (Pen. Code, § 211) during which he was armed with a pistol (Pen. Code, § 12022, subd. (a)), the court granted him probation. He appeals claiming his confession to the crime was inadmissible.

On February 13, 1981, Myron and a companion robbed a taco stand. The police apprehended the companion who confessed and implicated Myron. The police then called Myron's mother and she agreed to bring her son to the station for questioning. When they arrived, the police explained to them Myron's companion had identified Myron as his accomplice. Myron did not deny his involvement, or object to this account of the facts. One of the officers read Myron his *Miranda* rights. Myron said he understood them and with them in mind he was willing to talk

---

*Before Brown (Gerald), P. J., Staniforth, J., and Work, J.

to the officers. Myron appeared to be uneasy in his mother's presence, so he went with an officer to another part of the room, behind a partition where he told of his involvement in the robbery. Afterward, the mother agreed to help the police find the money Myron hid in the family home after the crime.

■ At the jurisdictional hearing, Myron asserted his confession should be excluded because, among other reasons, his mother "was separated [from him] so she could not participate or listen to the admonishments, and for that reason [his] . . . *Miranda* rights . . . have been violated . . . ." However, Myron's mother *was* present when Myron was *Mirandized.* The court found Myron had been properly advised and his statements were free and voluntary.

While Myron now claims his separation from his mother after he had received his *Miranda* rights, waived them and agreed to talk to the officers, renders his later confession inadmissible, his great emphasis citing cases, is on the reasons for having a parent present when *Miranda* warnings are given. This is precisely what occurred here. Then, after being sure of his rights and wanting to talk, Myron was understandably embarrassed to talk about the crime in front of his mother. As an accommodation he was given an opportunity to speak while apart from her, with her nearby and available if he desired her. There is no error.

Myron's counsel at the hearing was not incompetent for not asserting an unmeritorious contention.

Orders affirmed.